UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-14161-GAO

CARL M. MARCHETTI,
Petitioner,

v.

CAROL H. O'BRIEN,
Respondent.

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>
September 29, 2016

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has filed a Report and Recommendation (dkt. no. 28) ("R&R") recommending that the respondent's motion to dismiss the petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 15) be granted. The R&R further recommends that the petitioner's motions for injunctive relief, bail, and a stay and abeyance of his petition to permit him to exhaust his state court remedies (dkt. nos. 17, 19, 21) be denied. The petitioner filed a response to the R&R (dkt. no. 31).

Having reviewed the relevant pleadings and submissions, I approve and ADOPT the magistrate judge's recommendation in its entirety. Accordingly, the respondent's Motion to Dismiss (dkt. no. 15) is GRANTED. The petitioner's Motion for a Temporary Restraining Order and Preliminary Injunction and Request for Emergency Hearing (dkt. no. 17), Motion Requesting Bail Pending Review of a Petition for Writ of Habeas Corpus (dkt. no. 19), and Motion for Stay and Abeyance (dkt. no. 21) are DENIED.

Finally, this Court finds that no certificate of appealability should issue because the petitioner has failed to show that reasonable jurists would find it debatable whether he had a valid

constitutional claim or whether this Court was correct in this procedural ruling. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 478 (2000).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CARL M. MARCHETTI,

   Petitioner,

v.

CAROL H. O'BRIEN,

   Respondent.

Civil Action No. 15-cv-14161-GAO

**REPORT AND RECOMMENDATION ON RESPONDENT CAROL H. O'BRIEN'S MOTION TO DISMISS, AND PETITIONER CARL M. MARCHETTI'S MOTION FOR A STAY AND ABEYANCE, MOTION FOR INJUNCTIVE RELIEF, AND MOTION REQUESTING BAIL**
**(Dkt. Nos. 15, 17, 19, and 21)**

Cabell, U.S.M.J.:

  Petitioner Carl Marchetti ("the petitioner" or "Marchetti") was convicted in state court on several counts of receiving stolen property and was sentenced to a term of incarceration. He appealed on several grounds and the matter is presently pending before the Massachusetts Appeals Court. *Commonwealth v. Marchetti*, 2015-P-1622 (Mass. App. Ct.). He also filed a *habeas* petition with this Court, raising the same arguments as those raised in the pending state court appeal. That backdrop frames the four pending motions. First, respondent Carol O'Brien, the Commissioner of the Department of Corrections ("the respondent"), correctly notes that the petitioner has not yet exhausted his state court remedies and moves on that ground to dismiss the *habeas* petition. (Dkt. No. 15). The petitioner concedes he has failed to exhaust his claims but argues that the solution is to hold the federal proceeding in abeyance until the state litigation has been resolved, and he thus moves to stay this federal proceeding. (Dkt. No. 17). And, to avoid having to continue serving what he deems to be an unconstitutional sentence, the petitioner moves

to enjoin the respondent from executing the judgment of conviction, and to be released on bail. (Dkt. Nos. 19, 21). For the reasons that follow, I recommend that the respondent's motion to dismiss be granted and that the petitioner's three motions be denied.

## I.   RELEVANT BACKGROUND

In 2010, the petitioner was charged with six counts of receiving stolen property. (Dkt. No. 16-1, pg. 1). On July 23, 2012, he appeared with counsel in the Barnstable Superior Court to plead guilty to the charges. The trial judge initially accepted the petitioner's guilty plea on the record, but ultimately rejected it due to the petitioner's behavior, and scheduled the case for trial. (Dkt. No. 16-5, pgs. 13-19). On January 28, 2013, the jury convicted the petitioner on five out of six counts of receiving stolen property and the petitioner was subsequently sentenced to a term of incarceration. (Dkt. No. 16-1, pgs. 10-13).

The petitioner timely appealed both his conviction and sentence. In June of 2013 the Massachusetts Appeals Court stayed his appeal pending the outcome of a restitution hearing in the trial court. The restitution hearing was still ongoing in January of 2014, when the petitioner obtained new counsel. New counsel moved to vacate the petitioner's conviction on the ground that the trial court's decision to force him to stand trial after he had pled guilty violated double jeopardy principles. (Dkt. 16-1, pgs. 11-13).

The Appeals Court shortly thereafter lifted the stay on the petitioner's appeal but in February of 2014 granted the Commonwealth's motion to re-stay the appeal in light of new counsel's just-filed motion for a new trial. The Appeals Court also asked the petitioner to provide monthly status updates on the trial court proceedings. (Dkt. 16-2, pgs. 2-3).

On April 11, 2014, the trial judge denied the petitioner's motion for a new trial. The petitioner appealed the denial of the motion but also subsequently filed a second motion for a new

trial, advancing the same double jeopardy argument. The petitioner also asked that the trial judge be recused. On November 19, 2014, the trial judge denied the petitioner's motion. (Dkt. 16-1, pgs. 13-15).

The petitioner had as requested been filing monthly status reports with the Appeals Court through early November, but failed to file status reports for December 2014 or January 2015, and thus never informed the Appeals Court that he had moved again for a new trial or that the trial court had denied his motion. On February 19, 2015, the Appeals Court, bereft of any current information, dismissed the petitioner's appeal for lack of prosecution and advised him that he would need to show excusable neglect in the event he wished to reinstate his appeal. (Dkt. 16-2, pg. 3).

Meanwhile, on January 21, 2015, the petitioner filed yet a third motion for a new trial in the Superior Court. The trial judge held a hearing the next day and summarily denied the motion. The petitioner was apparently unaware of the trial court's ruling because in June of 2015 he filed a motion to compel the trial judge to rule on the motion. In August 2015, the trial judge denied the motion to compel on the ground that he had indeed ruled on (and denied) the petitioner's third motion for a new trial. (Dkt. 16-1, pgs. 15-17).

On September 10, 2015, the petitioner filed a motion for "findings of fact and ruling [of] law on the denial of his *pro se* post-conviction motion." He also appealed the denial of his third motion for a new trial. On September 17, 2015, the trial court struck the petitioner's appeal and denied the motion for findings of fact. (Dkt. 16-1, pg. 18).

On October 26, 2015, the petitioner moved to "stay his appeal," notwithstanding the fact that there was at this particular point no appeal to stay where the Appeals Court had previously dismissed his appeal several months earlier in February for failure to prosecute. On October 30,

2015, the Appeals Court treated the petitioner's motion to stay as a motion to reinstate his appeal, and denied it on the ground that the petitioner had failed to demonstrate excusable neglect. The petitioner moved for reconsideration but the Appeals Court denied his request in November 2015. The petitioner then appealed the denial of the motion for reconsideration and, on December 3, 2015, also filed another, separate, appeal. The Appeals Court consolidated these two appeals. (Dkt. 16-2, pgs. 3-4; Dkt. 16-3, pg. 1).

On December 16, 2015, and in the midst of this state appellate activity, the petitioner filed the instant federal *habeas* petition.

In the meantime, though, the state appellate litigation continued. On January 28, 2016, and pursuant to a briefing schedule set by the Appeals Court, the petitioner submitted his brief in connection with the consolidated appeal. (Dkt. 16-3, pg. 2). In so doing, he raised there the same arguments he raises in his federal *habeas* petition.[1] The petitioner argues that: (1) requiring him to stand trial where he had pled guilty violated double jeopardy principles; (2-3) his trial and appellate counsel each provided ineffective assistance of counsel; and (4) the Appeals Court should not have dismissed his original appeal. (Dkt. 1; Dkt. 6; and Dkt. 16-4).

II. **DISCUSSION**

A. **The Petitioner's Motion for a Stay and Abeyance**

Generally, in order to get relief in federal court on a petition for *habeas corpus*, a petitioner must demonstrate that he has exhausted available state remedies. The *habeas* statute provides that an applicant may not be accorded relief on a *habeas* petition "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of corrective process or the existence of circumstances rendering such process ineffective to protect

---

[1] The pending state court appeal also raises additional arguments that are not raised in the federal *habeas* petition.

4

the rights of the prisoner." 28 U.S.C. § 2254(b). Furthermore, "an applicant [for *habeas* relief] shall not be deemed to have exhausted the remedies available in the courts of the State, ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As the Court of Appeals for the First Circuit has explained, "[i]t is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal *habeas* power must fairly present—or do his best to present—the issue to the state's highest court." *Mele v. Fitchburg District Court*, 850 F.2d 817, 821 (1st Cir.1988).

There is no dispute here; the petitioner is in the midst of pursuing an appeal of his state conviction and sentence before the Massachusetts Appeals Court (and possibly, in time, the SJC), and is pursuing that appeal on the same grounds as those advanced in his *habeas* petition. Given as much, he concedes, as he must, that he has not yet exhausted his available remedies with respect to these claims. This matters because a court generally must dismiss a *habeas* petition containing unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 513 (1982). In *Rhines v. Weber*, 544 U.S. 269 (2005), however, the Supreme Court held that in limited circumstances a district court may stay (rather than dismiss) a *habeas* petition in order for the prisoner to present any unexhausted claims in the state court system. *Id.* at 277-78. *Rhines* established a three-part test to determine whether a stay is appropriate. First, there must be good cause for the petitioner's failure to exhaust his claims in the state court system. Second, the claims set forth in the petition must be potentially meritorious. Finally, the petitioner's failure to exhaust his remedies cannot be due to his having engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 270. All three factors must be satisfied in order for a stay to be granted. *Santana v. Ryan*, No. 14-CV-14097-ADB, 2015 WL 4576913, at *4 (D. Mass. July 30, 2015) (explaining that "[a]ll three factors ... must be

satisfied for a district court to grant a stay. Therefore, [for example,] a petitioner's inability to show good cause, by itself, precludes a stay." (citation omitted)).

To be sure, *Rhines* addressed the issue of a stay in the context of mixed petition cases, that is, *habeas* petitions containing both exhausted and unexhausted claims, but several circuits have held that *Rhines* is not limited to mixed petitions, and that a district court may appropriately stay a petition that raises only unexhausted claims (provided the three requisite factors are met). *See Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016); *Doe v. Jones*, 762 F.3d 1174 (10th Cir. 2014); *Heleva v. Brooks*, 581 F.3d 187, 191 (3d Cir. 2009); *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir.2006). The First Circuit has not squarely addressed the issue but this Court sees no compelling reason not to apply the *Rhines* framework here. *See Mena*, 813 F.3d at 911 (observing that in the case of both mixed and unmixed petitions, there is a chance the petitioner will lose his opportunity to have federal review if the limitations period runs out); *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) ("Whether they have mixed or unmixed petitions, petitioners with little chance of exhausting their claims in state court and returning to federal court before the limitations period runs should not be foreclosed from the very mechanism designed to protect against such risk if they can satisfy the *Rhines* standards").

The first part of the *Rhines* test asks if the petitioner has good cause for failing to exhaust. "There is little authority on what constitutes 'good cause' for failing to exhaust state remedies. Relevant cases from the First Circuit make clear the bar for petitioners is high." *Roman v. Ryan*, No. 12-CV-30160-TSH, 2014 WL 5112112, at *3 (D. Mass. Oct. 10, 2014). One example of good cause would be "reasonable confusion about whether a state filing would be timely." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). And, even though a more relaxed standard is recognized for *pro se* petitioners, one's *pro se* status is not enough by itself to prove good cause. *See Santana,*

6

2015 WL 4576913, at *5; *Sullivan v. Saba*, 840 F. Supp. 2d 429, 437 (D. Mass. 2012) ("Petitioner's *pro se* status does not constitute good cause.").

The Court finds that Marchetti has not demonstrated good cause here for the failure to fully exhaust his claims. He contends that his ability to meet deadlines set by the Appeals Court was impaired by his movement from one jail to another but that argument at best only helps to explain why he failed to provide timely status reports to the Appeals Court. It does not begin to explain how he was still able to somehow file motions in the trial court, or why he could not have asked for an extension of time, or why he chose to file the *habeas* petition even though he knew his state appeal was still ongoing and that his claims (at least for the moment) were still potentially in play before the Appeals Court. To "satisfy the exhaustion requirement, a petitioner must 'fairly present' his federal claim to the state court before seeking *habeas* review." *Sullivan*, 840 F.Supp.2d at 434. Simply, that just did not happen here. The petitioner is still in the process of presenting his claims to the state court; indeed, he filed his state appellate brief *after* he initiated this federal *habeas* action. In the Court's view, the petitioner simply jumped the gun in presenting his claims here. No good cause exists to stay the petition.

Because the petitioner has not demonstrated good cause for his failure to fully exhaust his claims, he cannot satisfy the *Rhines* standard and there is no need to go further. *Santana*, 2015 WL 4576913, at *4. In any event, the petitioner has not shown that the arguments he raises are "potentially meritorious" even if one assumes they are not frivolous. The petitioner's principal argument is that the trial court violated double jeopardy by vacating his guilty plea and ordering him to proceed to trial. This Court does not reach that issue on the merits but it notes that the state record provides a sound basis to conclude that double jeopardy did not attach here because the trial court never entered the guilty plea on the record as a conviction and did not sentence the petitioner

pursuant to the guilty plea. *See United States v. Santiago Soto*, 825 F.2d 616, 620 (1st Cir. 1987) (noting that "defendant was not placed in jeopardy in any meaningful sense" if judge initially accepts but then rejects a plea within the same proceeding). As the respondent points out, the transcript from the plea hearing shows that the trial judge expressed serious concerns based on the petitioner's demeanor that the petitioner was refusing to accept responsibility for his conduct, and for that reason ultimately rejected the plea and set the matter down for trial. If so, the trial judge may have been justified in declining to formally accept the plea, and double jeopardy may not have attached. *See North Carolina v. Alford*, 400 U.S. 25, 38 n. 11 (1970) (defendant has no constitutional right to have guilty plea accepted by a court). The petitioner also alleges that trial and appellate counsel both provided ineffective assistance of counsel but these claims are not self-evidently potentially meritorious where the petitioner has not shown that his double jeopardy claim has merit. Finally, the petitioner argues that the Appeals Court should not have denied his appeal as untimely but this claim, even if accepted as true, would merely enable the petitioner to present his claim to the Appeals Courts; it would not by contrast automatically entitle him to *habeas* relief.[2]

In sum, assuming the Court has the authority to stay a petition asserting only unexhausted claims, it is not appropriate to do so here because the petitioner has not demonstrated good cause for failing to fully exhaust his state remedies, or that his claims are potentially meritorious. Accordingly, the motion for a stay should be denied.

### B. The Petitioner's Motion for Injunctive Relief

The petitioner also asks the Court to issue a preliminary injunction enjoining the respondent from executing the state court's judgment of conviction and imposing the sentence against the petitioner. Under 28 U.S.C. § 2251 "a federal court 'before whom a *habeas* corpus proceeding is

---

[2] With respect to the third *Rhines* factor, there is no reason to suspect the petitioner intentionally failed to exhaust his remedies in order to improperly delay adjudication of his claims.

pending' may enjoin related state court proceedings..." *Brown v. Mullin*, No. 03-CV-6081, 2003 WL 1473579, at *2 (10th Cir. 2003). In doing so, the Court applies the well-established four part test used for evaluating preliminary injunction requests in more traditional settings, including a consideration of: "(1) the movant's probability of success on the merits, (2) the likelihood of irreparable harm absent preliminary injunctive relief, (3) a comparison between the harm to the movant if no injunction issues and the harm to the objectors if one does issue, and (4) how the granting or denial of an injunction will interact with the public interest." *Rivera-Feliciano v. Acevedo-Villa*, No. 05-CV-1910-PG, 2005 WL 2171074, *1 (D. P.R. Sept. 6, 2005) (*citing New Comm Wireless Servs. v. Sprintcom, Inc.*, 287 F.3d 1 (1st Cir. 2002)).

Applied here, no injunctive relief is warranted. As discussed above, the petitioner cannot show a high probability of success on the merits. That reason alone is sufficient to deny the petitioner's motion where "[t]he First Circuit has placed much emphasis on the importance of the first of these four factors, the likelihood of success on the merits," and a petitioner who cannot demonstrate a likelihood of success is equally not likely to prevail on his pending appeal. *See Rivera-Feliciano*, 2005 WL 2171074, *1 (*citing Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993)). Moreover, there is no likelihood of irreparable harm absent injunctive relief where the petitioner has been, is, and will continue to be able to press his unexhausted claims in the state court. Accordingly, denying the request for injunctive relief would not harm the petitioner, and would by contrast thwart the Commonwealth's efforts to prosecute and sentence defendants pursuant to its own laws. This motion should be denied.

### C. The Petitioner's Motion for Bail

The petitioner moves to be released on bail pending adjudication of his state and federal proceedings. A *habeas corpus* petitioner who seeks pre-adjudication relief bears "a heavy burden,

a burden derived from an appreciation of the particular use they are seeking to make of the writ [of *habeas corpus*]." *Glynn v. Donnelly*, 470 F.2d 95, 97 (1st Cir. 1972). Indeed, because the petitioner "has had a full trial and appeal," he stands "in a very different posture than if there had been no prior judicial determination of his rights." *Id.* at 97. As the First Circuit has noted, "[n]owhere is this more significant than with regard to bail." *Id.* To that end, the Court must determine "whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making th[e] application exceptional and deserving of special treatment in the interests of justice." *Id.* at 97-98 (citation omitted); *see also Carbaugh v. Pennsylvania*, No. 12-02397, 2014 WL 2042125, at *5 (M.D. Pa. May 19, 2014) ("bail pending post-conviction *habeas corpus* review is available only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the *habeas* remedy effective. Moreover, a convicted state prisoner may be granted bail prior to a ruling on the merits of the petition upon a showing of 'extraordinary circumstances.'").

Here, and incorporating without belaboring pertinent issues discussed above, the petitioner has not demonstrated a high probability of success on his claims. Further, where the petitioner's principal argument in support of bail is that he should not have been convicted, he has failed to show there are "extraordinary" circumstances warranting his release. To hold otherwise would be tantamount to holding that any *habeas* petitioner claiming to be the victim of an unconstitutional prosecution or sentence would be entitled to bail. Such a claim entitles one to petition for relief, but it does not entitle one to release. This claim fails and the petitioner's motion should accordingly be denied.

### D. The Respondent's Motion to Dismiss

The respondent moves to dismiss the *habeas* petition because the petitioner has failed to exhaust his administrative remedies. In light of the foregoing, the Court agrees that dismissal is appropriate. Notwithstanding the petitioner's arguments to the contrary, there is no basis to stay or hold the federal *habeas* proceeding in abeyance where the petitioner has not shown good cause for his failure to exhaust, and the record does not show the petitioner's claims to be potentially meritorious. The motion to dismiss therefore should be allowed.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the respondent's motion to dismiss be GRANTED (Dkt. No. 15), and that the petitioner's motions for injunctive relief, bail, and for a stay be DENIED (Dkt. Nos. 17, 19, 21). The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b), will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Circ. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Circ. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Circ. 1980); *United States v. Vega*, 678

F.2d 376, 378-79 (1st Circ. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Circ. 1983); *see also*, *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985).

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: August 18, 2016